O                                                                                              O

# United States District Court
# Central District Of California
## Western Division

| | |
|---|---|
| DAVID SABINO QUAIR, II | CASE NO. 5:18-cv-02595-PSG-ADS |
| Plaintiff, | |
| v. | ORDER DENYING, MOTION TO REASSIGN JUDGES GUTIERREZ AND SPAETH FOR OBSTRUCTION OF JUSTICE [DE-24]. |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION - HQ. et al. Defendants | |

On October 22, 2019 Plaintiff David Sabino Quair, II ("QUAIS") filed a motion "to reassign United States District Judge Phillip S. Gutierrez and United States Magistrate Judge Autumn D. Spaeth for obstruction of justice." That is the motion in its entirety. The motion does not allege the theory upon which the obstruction of justice charge is based. Consequently, the Court is left to guess the source of Mr. Quair's discontent.

A review of the docket discloses the filing of 19 prisoner civil rights cases filed by Quair within a six month period. Those cases were ordered consolidate by Judge Gutierrez on July 11, 2019. In that order, Quair was ordered to file a single consolidated

complaint within 30 days or potentially suffer dismissal of his actions. [DE-18.]

In addition he has filed a number of puzzling motions seeking questionable relief, none of which have achieved the sought-after results. For example, he began by seeking an injunction to prevent CDCR from making him feel that his safety is threatened. [DE-2-2.] This was filed the very same day as his civil rights complaint.

Next came his "Motion to Grant an Order to Locate and Decide all Motions to All Districts of California United States District Court for All Petitions filed since November 2018." [DE-6.] Almost immediately upon the docketing of the Order denying the request for an injunction, he filed the instant motion for reassignment of the judges. Though it is not stated directly, one might surmise that he is dissatisfied with the rulings he has received.

There are two federal statutes enacted to assure that litigants receive a fair trial before an impartial judge. 28 U.S.C.§ 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The second statute is 18 U.S.C. § 455(a), where the standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). No affidavit is required. The motion at issue doesn't

reference either statute. However, given the absence of an affidavit or even the suggestion that the matters stated in the motion are true, the court will treat the motion as proceeding under section 455.

The statute provides in part "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . ."

The substantive standard for bias or prejudice is the same under §144 as it is under § 455(b)(1). Thus, courts have been rigorous in requiring a showing of personal bias as contrasted with general or judicial bias. The motion must state facts supporting the belief that bias exists. Accordingly, it must be definite as to the time, place, persons, and circumstances. [*Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976) bias defined] Mere conclusory allegations do not suffice, [*Liteky v. U.S.,* 510 U.S. 540, 114 S.Ct. 1147(1994)] although the facts may be stated on information and belief. The facts stated "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Here, we have no facts given which Quair believes warrants the disqualification of either judge.

Section 455(b)(1), like section 144, provides for recusal only where there is evidence of actual bias. Section 455(a) is somewhat broader in that it requires only a reasonable appearance of bias. However, both statutes require **proof of extrajudicial bias**." *Sataki v. Broadcasting Bd. of Governors*, 733 F. Supp. 2d 54, 65 n.3 (D.D.C. 2010)(emphasis original), citations omitted.

As is clear from a review of the four-line motion, the standards of neither 455 nor 144 have been satisfied. As noted above, the request appears to have been prompted by a series of unfavorable rulings by the trial judge. Mere dissatisfaction with the ruling of

3

the trial judge is not a valid basis for recusal.  Adverse decisions do not establish bias or even hint at bias.  *Khor Chin Lim v. Courtcall Inc.,* 683 F.3d 378, 380 (7th Cir. 2012) (per Easterbrook, J.).

Quair has not even attempted to demonstrate bias.  Instead, he simply tosses out the phrase "obstruction of justice" which has received some notoriety of late, with the apparent hope the Court will rush to his aid to prevent such a grievous miscarriage of justice.  Legal phrases are insufficient.  The fact remains that Quair is required to state facts supporting the belief that bias exists.  Those assertions must be definite as to the time, place, persons, and circumstances. [*Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976) bias defined]  Mere conclusory allegations will not suffice. The facts stated "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment."  Thus, courts have been rigorous in requiring a showing of personal bias as contrasted with general or judicial bias.  There has not been even the barest showing, must less evidence of actual bias, merely a disagreement with the court's ruling.  The request for reassignment is DENIED.

IT IS SO ORDERED

DATED: November 6, 2019

_____
Otis D. Wright, II
United States District Judge